120 F.3d 927
 97 Cal. Daily Op. Serv. 6332, 97 Daily Journal
D.A.R. 10,333
Arthur CALDERON, Warden, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA, Respondent,
Michael S. Hill, Real Party in Interest.
 No. 96-70039.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 26, 1997.
Decided April 4, 1997.
As Amended on Denial of Rehearing and Rehearing En Banc Aug. 8, 1997.
 
 Dane R. Gillette, Senior Assistant Attorney General, San Francisco, CA, for petitioner.
 John T. Philipsborn, San Francisco, CA, for the real party in interest.
 Appeal from the United States District Court for the Northern District of California; Claudia Wilken, District Judge, Presiding. D.C. No. CV-94-00641-CW.
 Before: HUG, Chief Judge, WALLACE and FLETCHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Calderon petitions us for a writ of mandamus directing the district court to vacate its January 18, 1996, discovery order, and to forbid any discovery until Hill files a petition for writ of habeas corpus that presents properly exhausted claims. Because this case is indistinguishable from Calderon v. United States Dist. Court for Northern Dist. of Cal., 98 F.3d 1102 (9th Cir.1996) (Nicolaus ), we grant the petition.
 
 
 2
 * The Supreme Court of California affirmed Hill's death sentence in People v. Hill, 3 Cal.4th 959, 13 Cal.Rptr.2d 475, 839 P.2d 984 (1992), cert. denied, 510 U.S. 963, 114 S.Ct. 438, 126 L.Ed.2d 372 (1993). Instead of seeking habeas corpus relief in state court, Hill filed a motion for appointment of counsel in federal court on February 24, 1994. That same day, the district court stayed Hill's execution date, and subsequently appointed counsel on June 9, 1994. Eighteen months later, on November 15, 1995, Hill moved to inspect the files of the Alameda County District Attorney and the Oakland Police Department that pertained to his case. The district court ordered the discovery on January 18, 1996, even though Hill had yet to file a petition for habeas corpus relief in state or federal court.
 
 II
 
 3
 Nicolaus answers the question presented to us. Like Hill, Nicolaus filed discovery motions in federal court before filing a writ of habeas corpus in federal court. The district court ordered discovery, and Calderon petitioned this court for mandamus relief. Although mandamus relief is an extraordinary remedy, we applied Bauman v. United States Dist. Court, 557 F.2d 650, 654-55 (9th Cir.1977), and concluded that it was appropriate: "[W]e hold that the district court clearly erred in granting Nicolaus' discovery request before Nicolaus presented specific allegations in the form of a verified petition." Nicolaus, 98 F.3d at 1106-07. This case is indistinguishable from Nicolaus. Indeed, we took judicial notice of this case in Nicolaus as an example of a district court erroneously ordering discovery. See id. at 1108 ("Judge Wilken's statement supports the conclusion that pre-petition discovery may be an oft repeated error committed by the district courts.").
 
 
 4
 Thus, we must grant Calderon's petition for a writ of mandamus. As Judge Schroeder said in her concurrence to Nicolaus, "Until [a petitioner] has filed a federal habeas petition on an exhausted claim, he cannot avail himself of Rule 6 discovery." Id. at 1109. Since Hill never presented the district court with a petition for writ of habeas corpus containing an exhausted claim, we issue a writ of mandamus (1) vacating the district court's discovery order, and (2) prohibiting the issuance of any discovery orders until Hill files a petition for writ of habeas corpus in federal court presenting only exhausted claims.
 
 
 5
 Hill asks us to affirm that part of the district court's order which directed that the files be deposited with the court for their preservation. During argument, the petitioner assured this court that the State files at issue would be preserved inviolate. There is, therefore, no need for us to address Hill's argument.
 
 
 6
 PETITION GRANTED.