127 F.3d 886
 97 Cal. Daily Op. Serv. 8064, 97 Daily Journal
D.A.R. 13,025
E.K. McDANIEL, Warden of Ely State Prison, Frankie Sue Del
Papa, Attorney General of the State of Nevada, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, Respondent,
Daniel Steven Jones, Real Party in Interest.
 No. 97-70707.
United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 1, 1997.*
Decided Oct. 17, 1997.
 
 Robert E. Wieland, Assistant Attorney General, Carson City, Nevada, for Petitioner.
 Michael Pescetta, Assistant Federal Public Defender, Las Vegas, Nevada, for Real Party In Interest.
 Petition for a Writ of Mandate to the United States District Court for the District of Nevada. D.C. No. CV-N-96-00633-ECR.
 Before: FLETCHER, REINHARDT, and RYMER, Circuit Judges.
 Per Curiam Opinion; Concurrence by Judge RYMER.
 PER CURIAM:
 
 
 1
 The Nevada prison authorities and the Nevada Attorney General (collectively, "the State") seek a writ of mandamus vacating, and an emergency stay against the district court's discovery order in a death row prisoner's habeas corpus case. We deny the emergency stay motion and dismiss the mandamus petition. We issue this brief opinion because this action appears to be the latest in a series of meritless mandamus petitions filed by the State of Nevada seeking to prevent discovery in habeas cases.
 
 
 2
 * Daniel Steven Jones pled guilty to and was convicted of murder in Nevada. A three-judge panel of the state court sentenced him to death. The Nevada Supreme Court upheld his conviction and sentence and dismissed his subsequent motion for review. After his appointed counsel failed to notify him of the Nevada Supreme Court's decision, or to provide him with a copy of that decision, Jones wrote to the district court requesting assistance in pursuing further appeals. The district court treated this letter as initiating a habeas action and appointed counsel for Jones. Jones, through counsel, then filed a first habeas petition alleging four claims.[1] The petition provided a factual basis for each claim and stated that each had been presented to the Nevada courts on direct appeal or in a petition for post-conviction relief. Jones also sought and received from the district court a stay of execution.
 
 
 3
 On January 15, 1997, the district court issued an order that discovery be completed by July 14, 1997, and that Jones file an amended petition on or before September 17, 1997. Between January and June, 1997, the State complied with at least one of Jones's discovery requests and a discovery dispute was resolved without the benefit of an order compelling production.
 
 
 4
 On June 13, 1997, the State submitted to this Court a petition for a writ of mandamus or prohibition vacating the district court's discovery order. The State also filed an emergency motion for a stay of the order. The State claims that Jones has not sought discovery through the state courts, that he has not outlined factual allegations supporting his habeas claims, that he has presented unexhausted federal claims, that his requests are analogous to "pre-petition" discovery, and that he is attempting to use the discovery process for a "fishing expedition." The State's claims are spurious and find no support in the record before us.[2]
 
 II
 
 5
 The State's petition and emergency motion are virtually carbon copies of those filed in McDaniel v. U.S. District Court (Bennett), No. 97-70344, (9th Cir. Apr. 24, 1997). In an unpublished order in that case, a panel of this Court denied the motion for an emergency stay, dismissed the mandamus petition, and left the discovery process to the district court's sound discretion.[3]
 
 
 6
 Second, the State's boilerplate claims are belied by Jones's actual petition and by the facts of this case. The State relies heavily on Calderon v. U.S. District Court (Roberts), 113 F.3d 149 (9th Cir.1997), Calderon v. U.S. District Court (Hill), 110 F.3d 714 (9th Cir.1997), as amended on denial of reh'g, 120 F.3d 927 (9th Cir.1997), and Calderon v. U.S. District Court (Nicolaus), 98 F.3d 1102 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1830, 137 L.Ed.2d 1036 (1997). However, Hill and Nicolaus involved pre-petition discovery. Jones has filed a habeas petition, containing only exhausted claims and including factual allegations in support of each claim. Thus, Jones has "presented specific allegations in the form of a verified petition," Nicolaus, 98 F.3d at 1107, and is entitled to discovery.
 
 
 7
 Moreover, the Supreme Court recently reconfirmed the right of capital habeas petitioners to obtain discovery upon a showing of "good cause." Bracy v. Gramley, --- U.S. ----, ---- - ----, 117 S.Ct. 1793, 1796-97, 138 L.Ed.2d 97 (1997). Jones has shown "good cause" for seeking discovery: although his trial and appellate counsel may have received some of the materials he now asks the State to produce, his appellate counsel, against whom Jones seeks to assert an ineffective assistance claim, apparently destroyed Jones's entire file. Jones's claims do not appear purely speculative or without any basis in the record. His petition raises only four claims, each of which includes factual allegations and a statement of exhaustion. He therefore is entitled to discovery under Rule 6 of the Federal Rules Governing Section 2254 Cases. See Harris v. Nelson, 394 U.S. 286, 299, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969) ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir.1997) ("[D]iscovery is available to habeas petitioners at the discretion of the district court judge for good cause shown."). The district court acted well within its discretion in ordering discovery.
 
 III
 
 8
 In determining whether a writ of mandamus should issue, we consider the following factors, first articulated in Bauman v. U.S. District Court, 557 F.2d 650, 654-55 (9th Cir.1977):
 
 
 9
 (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief he desires;
 
 
 10
 (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal;
 
 
 11
 (3) whether the district court's order is clearly erroneous as a matter of law;
 
 
 12
 (4) whether the district court's order is an oft repeated error or manifests persistent disregard for the federal rules; and
 
 
 13
 (5) whether the district court's order raises new and important problems or issues of law of first impression.
 
 
 14
 In re Cement Antitrust Litigation, 688 F.2d 1297, 1301 (9th Cir.1982) (citing Bauman, 557 F.2d at 654-55), aff'd, Arizona v. U.S. District Court, 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983). None of these factors support the State's petition.
 
 
 15
 First and foremost, the district court did not clearly err as a matter of law, since Jones is entitled to discovery. The absence of clear error may itself dispose of the State's petition. See Executive Software of North Am., Inc. v. U.S. District Court, 24 F.3d 1545, 1551 (9th Cir.1994) ("the existence of clear error as a matter of law[ ] is dispositive [of a mandamus petition]"). Second, a stay of discovery or a writ of mandamus is not the State's only adequate means of relief. For example, as discovery proceeds, the State is not foreclosed from making routine challenges to specific discovery requests on the basis of privilege or relevance. Third, while the State probably cannot correct on appeal any negative effects it sustains as a result of compliance with the district court's discovery order, this factor carries little weight compared with the needs of an incarcerated capital habeas petitioner to obtain discovery in order to pursue his claims. Fourth, far from presenting an "oft repeated error," of the district court, this case involves yet another attempt by the State to circumvent discovery in a capital habeas case, manifesting blatant disrespect for, if not disregard of, the federal rules and the district court's efforts to superintend the discovery process. And fifth, this case raises no new legal issues.
 
 
 16
 Moreover, the State waited five months before seeking relief from the district court's discovery order and has complied with at least one of Jones's discovery requests. The Nevada Attorney General's office, a petitioner here, helped formulate a general discovery order for habeas cases identical to the order the district court issued here.
 
 
 17
 The State is not entitled either to emergency relief or to mandamus unless it will seriously be harmed by the denial of relief. See Artukovic v. Rison, 784 F.2d 1354, 1355 (9th Cir.1986) (emergency stay warranted if applicant shows probability of success on the merits and likelihood of irreparable injury or serious questions on merits and balance of hardships tipping in its favor); In re Cement Antitrust Litig., 688 F.2d at 1301 (mandamus petitioner must show damage or prejudice in a way not correctable on appeal). Unreasonable delay in asserting its rights, partial compliance, and implicit consent to the terms of the order undermine any claim of irreparable injury to the State or of a balance of hardships tipping in its favor. See Baldwin Co. Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). The State's failure immediately and unequivocally to assert its opposition to discovery also undermines its argument that extraordinary circumstances exist warranting mandamus relief. Calderon v. U.S. District Court (Gordon), 107 F.3d 756, 761 (9th Cir.1997) ("Mandamus is a drastic remedy that should be invoked only in extraordinary circumstances.") (internal quotation and citation omitted), cert. denied, --- U.S. ----, 118 S.Ct. 265, --- L.Ed.2d ---- (1997).
 
 
 18
 Thus, we find no basis for granting the State extraordinary relief in the form of mandamus, or for issuing an emergency stay of discovery. We refuse to facilitate the State's continuous attempts to undermine capital habeas petitioners' efforts to obtain the information they need to properly present and litigate their claims.
 
 
 19
 EMERGENCY MOTION DENIED, PETITION FOR A WRIT OF MANDATE DISMISSED.
 
 
 20
 RYMER, Circuit Judge, concurring in the judgment:
 
 
 21
 While I agree that the state's emergency motion to stay the district court's scheduling orders should be denied, and that the petition for writ of mandamus should be dismissed, I would do so for different reasons.
 
 
 22
 Each was filed June 17, 1997; we should have dismissed both as premature because the district court had not been asked to stay its orders. In the meantime, the state did file a motion to stay in the district court, which the district court denied. Presumably a renewed motion to stay in this court would be ripe. So treating it, the motion still fails because there plainly is no "emergency." The district court's first scheduling order (contemplating discovery) was entered November 19, 1996, and its second scheduling order ("constitut[ing] leave of court to conduct discovery" and setting cut-off) was entered January 16, 1997, following a status conference at which the subject of discovery and the time for conducting it was discussed. No objection was made to either order until less than a month before the cut-off date, when the state sought a stay. Even then, as the district court pointed out, the record did not reflect any live dispute between the parties over specific discovery matters. Under these circumstances, there is no way the district court abused its discretion in denying a stay, and there is no basis for our doing otherwise.
 
 
 23
 Nor should we entertain the state's petition for writ of mandate. As I read them, the district court's orders in this case were case management orders--requiring counsel to meet and confer regarding discovery, and setting the time period for completing discovery--but neither approving nor disapproving any particular request. The state did not object when the first order was entered, or at the first status conference where counsel were directed to advise the court whether they anticipate any discovery problems, or when the second status conference was held and time limits necessary for discovery were discussed, or when the second scheduling order was entered permitting discovery and establishing a cut-off date. Indeed, as Judge Reed explained in denying the request for stay, "discovery was authorized in this action pursuant to the established practice in this district, a practice that was devised some years ago in cooperation with the Attorney General's Office and the then death penalty resource center ..." Thus, the state went along with a process it helped put in place, without ever arguing that discovery (in general) was inappropriate as a matter of law, or that discovery (in particular) was unwarranted. It has therefore waived any right to appellate review of whether discovery was ordered in error. It is also too late to ask this court to vacate the district court's scheduling orders.[1] Moreover, there is no longer anything concrete to rule on in connection with those orders, since they've been complied with, and nothing concrete to rule on with respect to specific discovery, since there's no live dispute to resolve. For these reasons, the petition for mandamus should simply be dismissed.
 
 
 24
 Everything else that the majority has to say is dicta. Just because the state waived its right to appellate review of scheduling orders it had no problem with at the time they were entered, does not mean that it can't have a change of heart in light of Calderon v. U.S. District Court (Nicolaus), 98 F.3d 1102 (9th Cir.1996). While it's too little, too late in this case, Nevada is entitled to argue in another case--where its (new) position is timely preserved--that permitting discovery after a bare-bones petition but before an amended, real petition is on file, and before the court can make a discrete finding of good cause for discovery on exhausted claims as required by Rule 6(a), is the same thing in substance if not in form as the procedure for pre-petition discovery that we condemned in Nicolaus. Likewise in this action, whether Jones's claims have a basis in the record, or are exhausted, or whether there is good cause for discovery are questions for the district court to decide in its discretion, not ours. Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir.1997) ("[D]iscovery is available to habeas petitioners at the discretion of the district court judge for good cause shown."). As the majority's opinion acknowledges this is so, its comments to the contrary must be advisory.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 [1]
 Jones's petition alleges that: (1) the three-judge sentencing panel violated the Eighth and Fourteenth Amendments by failing to consider mitigating evidence; (2) his Sixth and Fourteenth Amendment rights were violated when the prosecutor expressed his opinion as to Jones's guilt; (3) his Eighth and Fourteenth Amendment rights were violated because the court failed to order a competency hearing at either the guilt or penalty phase, or to appoint a psychiatrist, despite evidence that Jones's mental state was an issue; (4) Jones's trial and appellate counsel were ineffective, depriving him of his Sixth and Fourteenth Amendment rights
 
 
 [2]
 The State filed this action before seeking relief from the district court. After filing the mandamus petition and motion for an emergency stay, the State filed a motion in the district court for stay of discovery. The district court denied the motion. The court noted that discovery had proceeded for five months without submission of any dispute to the district court, that the State failed to identify any specific contested discovery issue, and that discovery was necessary in order to avoid piecemeal litigation of Jones's claims
 
 
 [3]
 The petition and motion also are similar to those in McDaniel v. U.S. District Court (Riley), No. 97-70520 (9th Cir. Mar. 21, 1997) (unpublished order), and McDaniel v. U.S. District Court (Haberstroh), No. 97-70228 (9th Cir. Mar. 21, 1997) (unpublished order). In Riley, we denied the emergency stay motion and mandamus petition without prejudice to refiling, since the district court had not ruled on the State's motion for a stay of the discovery order. In Haberstroh, we denied the emergency stay motion as moot and the mandamus petition as premature, since the district court had stayed its discovery order and ruled it would reconsider the order. Because here the district court has considered and rejected the State's motion to stay discovery, we need not dismiss the motion and petition as premature, but can rule on the merits
 
 
 [1]
 The state waited five months (during which discovery was apparently ongoing) to ask us to undo orders that it agreed to let the court enter. As mandamus is an equitable remedy that should be sought with reasonable dispatch, see United States v. Olds, 426 F.2d 562 (3rd Cir.1970) ("[a]s with all remedies that are governed by equitable principles, mandamus must be sought with reasonable promptness."), I would exercise our discretion to decline to consider the state's belated request for extraordinary relief on this ground as well as waiver