**Jerry Jay WRENN, Petitioner— Appellant,**

v.

**OREGON BOARD OF PAROLE AND POST–PRISON SUPERVISION; Brian Belleque, Respondents—Appellees.**

No. 08–35223.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2009.

Filed March 2, 2009.

Anthony Bornstein, FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

---

Tiffany Keast, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Respondents–Appellees.

Before: PAEZ and RAWLINSON, Circuit Judges, and JENKINS *, District Judge.

MEMORANDUM **

Jerry Jay Wrenn (Wrenn) appeals the denial of his habeas petition. In denying Wrenn's *ex post facto* claim, the Oregon Court of Appeals relied on *Butler v. Bd. of Parole & Post–Prison Supervision,* 194 Or.App. 164, 94 P.3d 149 (2004). *Butler* held that the modifications to the re-release voting procedure were procedural changes that created only a speculative risk of increased punishment. *Id.* at 153–54. This decision was neither contrary to, nor an unreasonable application of *Cal. Dep't of Corr. v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). *See id.* at 509, 115 S.Ct. 1597 (holding that a revision must "produce[ ] a sufficient risk of increasing the measure of punishment attached to the covered crimes" to violate the Ex Post Facto Clause).

The district court acted within its discretion when denying Wrenn discovery, because the statistical data sought by Wrenn would not shed light on how any individual parole determination would be affected. *See Calderon v. United States Dist. Court,* 98 F.3d 1102, 1106 (9th Cir.1996)

("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.") (citations omitted).

**AFFIRMED.**

---

* The Honorable Bruce S. Jenkins, Senior U.S. District Judge for the District of Utah, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

