MEMORANDUM **
Jerry Jay Wrenn (Wrenn) appeals the denial of his habeas petition. In denying Wrenn’s ex post facto claim, the Oregon Court of Appeals relied on Butler v. Bd. of Parole & Post-Prison Supervision, 194 Or.App. 164, 94 P.3d 149 (2004). Butler held that the modifications to the re-release voting procedure were procedural changes that created only a speculative risk of increased punishment. Id. at 153-54. This decision was neither contrary to, nor an unreasonable application of Cal. Dep’t of Corr. v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). See id. at 509, 115 S.Ct. 1597 (holding that a revision must “produce[ ] a sufficient risk of increasing the measure of punishment attached to the covered crimes” to violate the Ex Post Facto Clause).
The district court acted within its discretion when denying Wrenn discovery, because the statistical data sought by Wrenn would not shed light on how any individual parole determination would be affected. See Calderon v. United States Dist. Court, 98 F.3d 1102, 1106 (9th Cir.1996) (“[Cjourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.”) (citations omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.