FILED

OCT 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-35796 |
| Plaintiff - Appellee, | D.C. Nos.    1:09-cv-00055-BLW |
| v. | 1:07-cr-00182-BLW-1 |
| ELVEN JOE SWISHER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted May 16, 2014
Portland, Oregon

Before: ALARCÓN, TASHIMA, and IKUTA, Circuit Judges.

Defendant Elven Joe Swisher appeals the district court's denial of his motion

to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and moves this

court to expand the certificate of appealability to include claims of ineffective

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

assistance of counsel and the district court's denial of Swisher's motions for discovery and a hearing. We have jurisdiction under 28 U.S.C. § 2253.[1]

We deny Swisher's motion to expand the certificate of appealability to include Swisher's claims of ineffective assistance of counsel because Swisher has failed to make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Swisher's attorneys were not deficient in obtaining relevant documents, because they obtained all of Swisher's military and medical files, and Swisher's claim that further efforts by his attorneys would have turned up evidence corroborating his account is wholly speculative. *See Stenson v. Lambert*, 504 F.3d 873, 889 (9th Cir. 2007). For the same reason, he is not entitled to discovery under Rule 6 of the Federal Rules Governing § 2255 Proceedings for the United States District Courts. *See Calderon v. U.S. Dist. Ct.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

Swisher's attorneys were not deficient in allowing Swisher only a limited opportunity to testify, and Swisher waived this claim by not insisting on testifying

---

[1]In a published opinion filed concurrently with this memorandum, we affirm the district court's denial of Swisher's § 2255 motion on his claim that 18 U.S.C. § 704(a) is unconstitutional. *United States v. Swisher*, ___ F.3d ___ (9th Cir. 2014).

2

further during trial. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1094–95 (9th Cir. 1999).

Swisher's attorneys did not operate under an actual conflict of interest due to their representation of David Hinkson in a criminal tax case because Swisher did not establish that the Hinkson tax case was "substantially related" to Swisher's case, or that his attorneys "reveal[ed] privileged communications" or otherwise divided their loyalties. *Mannhalt v. Reed*, 847 F.2d 576, 580 (9th Cir. 1988).

Swisher's claim that his attorneys' performance was deficient because they failed to call Brit Groom as a witness regarding Swisher's DD-214 is without merit, because it is undisputed that Groom would not be qualified to testify as to the authenticity of the DD-214.

Swisher's attorneys were not deficient in failing to challenge the seating of a member of the Army Special Forces as a juror because Swisher did not establish any colorable claim of bias.

Finally, Swisher has not established that his attorneys' performance during closing argument was deficient because the choice to use sarcasm as a rhetorical device "did not fall[] below an objective standard of reasonableness." *See Yarborough v. Gentry,* 540 U.S. 1, 5–6 (2003).

Because Swisher has not "alleged facts which, if true, might establish a right to relief," there was no need for an evidentiary hearing. *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000).

**AFFIRMED.**