**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ARCHIE TENNANT,

      Plaintiff - Appellant,

v.

MARK MILLER; JOHN KETRON,

      Defendants - Appellees.

No. 14-3037
(D.C. No. 2:13-CV-02143-EFM-KMH)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Mr. Archie Tennant was incarcerated in two jails. At both jails, he wanted

medicines prescribed for anxiety and pain relief (Xanax and Oxycodone). Jail

officials allegedly denied the requests, and Mr. Tennant sued the sheriffs at both jails.

Through counsel, Mr. Tennant claimed violation of the Eighth Amendment and

intentional infliction of emotional distress, alleging that the sheriffs bore

---

[*] After examining the briefs and appellate record, the Court has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

responsibility for withholding the medications and did so intentionally. The district court dismissed the claims, holding that the allegations of "responsibility" did not create a plausible basis for liability.[1] We affirm.

## I.      Standard of Review

We review the dismissal de novo. *Moya v. Schollenbarger*, 465 F.3d 444, 454 (10th Cir. 2006). In conducting de novo review, we consider the standard in district court. There the court could dismiss the complaint if it failed to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We examine facial plausibility of the claim by accepting all well-pleaded allegations in the complaint and viewing them in the light most favorable to Mr. Tennant. *Moya*, 465 F.3d at 455. But we do not credit allegations consisting of mere labels or conclusions. *Iqbal*, 556 U.S. at 678.

## II.      The Eighth Amendment

On the Eighth Amendment claim, Mr. Tennant must show deliberate indifference to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The claim contains objective and subjective elements. *Id.* at 834. Objectively, the deprivation must be sufficiently serious. *Id.* at 837. Subjectively, the defendant must have been aware of a substantial risk of serious harm. *Id.*

---

[1]      The district court thought the complaint included official-capacity claims. We disagree. The complaint contains no mention of an official-capacity claim, and Mr. Tennant has never said that he is asserting claims in the sheriffs' official capacities.

Mr. Tennant argues that his need for the medicines was sufficiently serious. For the sake of argument, we may assume that he is right. But nothing in the complaint suggests any facts indicating awareness by either sheriff of a substantial risk of serious harm.

In the complaint, Mr. Tennant alleges that the sheriffs "were responsible for [his] prescribed medication being withheld from him and did so intentionally." Complaint at 2 ¶ 9. The term "responsible" adds nothing: It simply means that the sheriffs were "answerable or accountable" for the withholding of the medications. *See Webster's New Universal Unabridged Dictionary* 1641 (1996) (primary definition of "responsible"); *Black's Law Dictionary* 1506 (10th ed. 2014) (similar definition). Mr. Tennant does not allege that the sheriffs ordered the medicines to be withheld. Instead, Mr. Tennant alleges (in effect) that they were "answerable or accountable" for withholding the medicines.

He adds that the sheriffs "did so intentionally." Complaint at 2 ¶ 9. But this phrase does not help: It simply means that the sheriffs were intentionally "answerable or accountable" for withholding the medications.

Mr. Tennant complains that he had limited information because discovery had been stayed. But formal discovery is rarely available before a complaint is filed. *See* Fed. R. Civ. P. 27(a); *see also Calderon v. U.S. Dist. Ct. for the N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) (stating that with the exception of Rule 27, "the Federal Rules of Civil Procedure do not permit pre-complaint discovery"). If Mr. Tennant

- 3 -

had a good faith basis to believe the sheriffs had directed withholding of the medicines, he could have alleged their involvement. *See* Fed. R. Civ. P. 11(b)(3). But he did not. Thus, we are left to decide the facial plausibility of a complaint referring only to the sheriffs' accountability, not their actual involvement, in the withholding of medications. We cannot overlook the deficiency in the complaint based on the inability to conduct discovery *after* the filing of the complaint.

## III.  Intentional Infliction of Emotional Distress

Mr. Tennant also asserts the Kansas tort of intentional infliction of emotional distress. This tort contains four elements:

- intentional or reckless conduct

- that was extreme and outrageous

- that caused the plaintiff's mental distress

- that was extreme and severe.

*Veladez v. Emmis Commc'ns*, 229 P.3d 389, 394 (Kan. 2010).

The district court properly ruled that the complaint had failed to include any facts suggesting extreme, outrageous conduct by either sheriff. The complaint did use the buzz words: "intentional," "reckless," and "extreme and outrageous." Complaint at 3 ¶¶ 22-23. But the only reference to the sheriffs' actual conduct is a single prepositional phrase: "[i]n refusing to provide plaintiff with his requisite medical care." *Id.* at 3 ¶ 22.

This phrase does not clarify the meaning because Mr. Tennant never says in the complaint what the sheriffs did or did not do "[i]n refusing to provide . . . [the] requisite medical care." *Id.*

Elsewhere, Mr. Tennant states that he "was denied Xanax and Oxycodone." *Id.* at 1 ¶ 6. By framing this allegation in the passive voice, Mr. Tennant does not say who actually disallowed the medications.

He does say that the sheriffs "were responsible" (answerable or accountable) for denial of the medicines. *Id.* at 2 ¶ 9. But Mr. Tennant does not say what the sheriffs actually did. Without knowing what they did, the reader cannot infer extreme, outrageous conduct by the sheriffs. Thus, the district court properly dismissed the claim of intentional infliction of emotion distress.

## IV.     Amendment of the Complaint

In addition to challenging the dismissal, Mr. Tennant argues that he should have been allowed to amend the complaint. But Mr. Tennant did not request leave to amend prior to the dismissal. In the absence of a request to amend, the district court could dismiss the action (rather than sua sponte grant leave to amend). *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1990) ("[A] court need not grant leave to amend when a party fails to file a formal motion.").

## V.     Designation of the Dismissal as "Without Prejudice"

Mr. Tennant also contends that the dismissal should have been "without prejudice" (rather than "with prejudice") because the pleading defect was cureable.

But Mr. Tennant does not say how he could have cured the pleading defect. As a result, the district court did not abuse its discretion in ordering dismissal with prejudice. *See Grossman v. Novell*, 120 F.3d 1112, 1126 (10th Cir. 1997) (reviewing dismissal with prejudice for abuse of discretion).

## VI. Conclusion

We conclude that the district court did not err in dismissing the action with prejudice. Thus, we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge