**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUY PHAM,

                Petitioner - Appellant,

   v.

L. S. MCEWEN, Warden,

                Respondent - Appellee.

No. 13-56090

D.C. No. 3:03-cv-00462-WQH-JMA

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 10, 2014
Pasadena, California

Before: PREGERSON, NOONAN, and WARDLAW, Circuit Judges.

    Duy Pham appeals the district court's denial of his 28 U.S.C. § 2254

petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the denial of

Pham's habeas petition was neither contrary to, nor an unreasonable application of,

clearly established Supreme Court precedent, and because the district court did not

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

abuse its discretion in denying Pham's request for discovery, we affirm. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86 (2011).

Pham's prosecutorial misconduct claim is not procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Where a state court denies a habeas petition containing multiple claims and does not "specify which claims were barred for which reasons," the state court has not clearly and expressly relied on an independent and adequate state ground. *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003) (internal quotation marks omitted). The California Supreme Court denied Pham's claims via a string citation to multiple cases, one of which was *In re Waltreus*, 62 Cal.2d 218 (1965), without indicating which claim was rejected based on which cited case. We have held that "[a] *Waltreus* citation does not bar federal review." *Calderon v. U.S. Dist. Court for E. Dist. of California*, 96 F.3d 1126, 1131 (9th Cir. 1996). Since the California Supreme Court's decision does not clearly indicate the basis for the denial of the prosecutorial misconduct claim, including whether or not the denial of that claim was based on *Waltreus*, the claim is not procedurally barred.

The California Supreme Court's denial of Pham's prosecutorial misconduct claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1)-(2). To constitute a due process

2

violation, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (internal quotation marks omitted). First, the record does not reflect that Chuong Dong was permitted to create a false impression with respect to his views on shooting someone to acquire money. Second, the record does not support Pham's contention that Dong lied when he stated that he was not promised any leniency in exchange for his testimony. Because Pham has not established that any misrepresentations were made during Dong's testimony, the California Supreme Court's decision denying Pham's prosecutorial misconduct claim is not contrary to Supreme Court precedent. *Parker v. Matthews*, 132 S.Ct. 2148, 2153 (2012).

Similarly, the denial of Pham's third claim, in which he alleges unconstitutional limitations on impeachment evidence and on his right to present a defense, was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1)-(2). A violation of the Confrontation Clause occurs when a petitioner is not allowed to "engag[e] in otherwise appropriate cross-examination designed to show . . . bias on the part of the witness, and thereby to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986) (quoting *Davis v. Alaska*, 415 U.S. 308,

3

318 (1974)). Although the trial court limited certain evidence that may have been offered to impeach Dong, substantial impeachment evidence was admitted including, for example, evidence related to Dong's extensive criminal history. Furthermore, evidence was admitted at trial in support of Pham's defense that Dong, and not Pham, shot Carlos Go. *See Taylor v. Illinois*, 484 U.S. 400, 407-08 (1988). This included Thanh Hoang Nguyen's testimony that Dong brought him the gun used to shoot Go, admitted that it was "dirty," and implied that he was the one who had made it so. Because Pham was permitted to present both impeachment evidence and his defense that someone else shot Go, his constitutional rights were not violated.

Finally, the district court did not abuse its discretion in denying Pham's request for discovery. *Smith v. Mahoney*, 611 F.3d 978, 997 (9th Cir. 2010). The district court correctly concluded that good cause for discovery had not been shown. *Id.* at 996; *see also* Rule 6(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Pham's allegation that Dong was allowed unsupervised visits with Thuy Giang, and that Dong was secretly promised favors in exchange for his testimony, was based on speculation unsupported by the record. *McDaniel v. U.S. Dist. Court for the Dist. of Nevada*, 127 F.3d 886, 888 (9th Cir. 1997).

**AFFIRMED.**

4