**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10340 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-00361-JLT-1 |
| v. | |
| TERRY LEE SCHNEIDER II, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted December 12, 2023**

Before:     WALLACE, LEE, and BUMATAY, Circuit Judges.

Terry Lee Schneider II appeals from the district court's order denying his

motion to compel production of grand jury materials under Federal Rule of

Criminal Procedure 6(e).  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Schneider pleaded guilty in 2011, and waived his right to appeal his conviction and sentence on any ground, including by way of a 28 U.S.C. § 2255 motion. Over 10 years later, he filed the instant request for grand jury materials, stating that he intends to file a § 2255 motion and arguing that the requested materials might help him overcome the statute of limitations under § 2255(f) and allow him to challenge the sufficiency of his indictment.

We agree with the district court that Schneider's speculative allegations as to possible defects in the grand jury proceedings did not show a "particularized need" for the materials sought. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). Moreover, given the nature of Schneider's assertions, the district court did not abuse its discretion in denying his motion without first reviewing the materials in camera. *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980). Lastly, even if Schneider is correct that not all of the materials he sought were grand jury materials within the meaning of Rule 6(e), he was still required to show he was entitled to them at this stage. *See Calderon v. United States Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) (a prisoner may not "use federal discovery for fishing expeditions to investigate mere speculation" prior to filing a habeas motion). He did not do so, and the district court acted "within [its] sound discretion" in denying Schneider's motion. *See Walczak*, 783 F.2d at 857.

**AFFIRMED.**

2                                                                    22-10340