**METRO SERVICES INC., Anthony P. Uzzo, for the Anthony P. Uzzo Defined Benefit Keogh Plan, and as Trustee of the A. Uzzo & Co. Pension Trust of Purchase, New York, Anthony Siniscalchi, Blaise Fredella, on behalf of Themselves and all Others Similarly Situated, Gary Weber, Daniel Hurley, Michael Sabbia, aka the Vogel Plaintiffs, PBHG Funds, Inc, Robert Milligan, Plaintiffs.**

**Public Employees' Retirement Association of Colorado, Plaintiff–Appellant,**

**v.**

**Stephen F. WIGGINS, William M. Sullivan, Jeffrey H. Boyd, Andrew B. Cassidy, Defendants,**

---

Oxford Health Plans, Inc.,
Defendant–Appellee.

No. 98–9104.

United States Court of Appeals,
Second Circuit.

Argued Sept. 15, 1998.
Decided Oct. 15, 1998.

Jay W. Eisenhofer, Grant & Eisenhofer, P.A., Wilmington, DE (Stuart M. Grant), for Plaintiff–Appellant–Movant Public Employees' Retirement Association of Colorado.

Patricia M. Hynes, Milberg Weiss Bershad Hynes & Lerach LLP, New York City (Steven G. Schulman, Janine L. Pollack), for Plaintiff–Cross–Movant The Vogel Plaintiffs.

Martin D. Chitwood, Chitwood & Harley, Atlanta, GA (Christi C. Mobley, John O'Shea Sullivan), for Plaintiff–Cross–Movant PBHG Funds, Inc.

Before: CABRANES and POOLER, Circuit Judges, and TRAGER, District Judge.*

JOSÉ A. CABRANES, Circuit Judge :

Public Employees' Retirement Association of Colorado ("Colorado PERA") has moved for an expedited appeal of an order of the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*), entered pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4, appointing Colorado PERA, the "Vogel Plaintiffs,"[1] and PBHG Funds, Inc. ("PBHG") as co-lead plaintiffs in this consolidated securities fraud class action lawsuit. Colorado PERA contends that, under the criteria set forth in the PSLRA, it should have been designated as the sole lead plaintiff. In response, the Vogel Plaintiffs and PBHG have moved to dismiss Colorado PERA's appeal for lack of subject matter jurisdiction. We grant the motion to dismiss the appeal and accordingly deny Colorado PERA's motion as moot.

I.

This is a multi-district consolidated securi-

---

* The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

1. The "Vogel Plaintiffs" initially were a group of approximately 35 individual plaintiffs and enti-

ties. However, for purposes of its co-lead plaintiff designation, the district court has limited the group to three individual investors, Daniel Hurley, Gary Weber, and Michael Sabbia.

ties fraud class action lawsuit.[2] The fifty-two separate actions that have been consolidated by the Judicial Panel on Multidistrict Litigation and assigned to the district court were brought on behalf of persons and entities who purchased stock of the defendant Oxford Health Plans, Inc. ("Oxford") during periods ranging from November 1996 through December 1997. The complaints generally claim violations of §§ 10(b) and 20(a) of the Exchange Act and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission. The underlying cases were consolidated for pretrial purposes on April 28, 1998.

The subject of the instant motions is the district court's order of July 31, 1998 designating Colorado PERA, the Vogel Plaintiffs, and PBHG as co-lead plaintiffs in this lawsuit. The PSLRA provides that

> the court ... shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter ... referred to as the "most adequate plaintiff")....

15 U.S.C. § 78u–4(a)(3)(B)(i). The PSLRA further provides that, in selecting the lead plaintiff,

> the court shall adopt a presumption that the most adequate plaintiff ... is the person or group of persons that—(a)(a) has either filed the complaint or made a motion [for designation as lead plaintiff]; (b)(b) in the determination of the court, has the largest financial interest in the relief sought by the class; and (c)(c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u–4(a)(3)(B)(iii)(I). Finally, this presumption may be rebutted

> only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(a)(a) will not fairly and adequately protect the interests of the class; or (b)(b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Id.* § 78u–4(a)(3)(B)(iii)(II).

It was conceded at a hearing before the district court that Colorado PERA had suffered the largest financial loss, followed by the Vogel Plaintiffs and PBHG. Accordingly, the PSLRA arguably mandates a rebuttable presumption that Colorado PERA be appointed as lead plaintiff, assuming that it also met the requirements of Rule 23. Nevertheless, the district court opted for the co-lead plaintiff structure at issue, giving three reasons for doing so. First, the court reasoned that a combination of two institutional investors (Colorado PERA and PBHG) and a small number of individual investors with a large financial stake in the lawsuit (the Vogel Plaintiffs) would effectively further the PSLRA's goal of promoting greater client control over the litigation. Second, the court concluded that the co-lead plaintiff structure would facilitate the pooling of knowledge, experience, and financial resources. Finally, the court articulated a concern that, because of its primary fiduciary obligation to the government pensioners of Colorado, Colorado PERA might not be able effectively to pursue the interests of all the members of the proposed class.

After the district court issued its decision, Colorado PERA sought amendment of the district court's order to permit immediate appeal pursuant to 28 U.S.C. § 1292(b).[3] It

---

2. The underlying actions were consolidated by an April 28, 1998 order of the Judicial Panel on Multidistrict Litigation. That order mandated the consolidation of 38 actions from the District of Connecticut, 9 actions from the Southern District of New York, 4 actions from the Eastern District of New York, and 1 action from the Eastern District of Arkansas. The order also mandated the transfer of all the non-Southern District of New York cases to that district and assigned the consolidated cases to Judge Brieant.

3. 28 U.S.C. § 1292(b) provides in pertinent part that "[w]hen a district judge, in making in a civil action an order not otherwise appealable ... shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order...."

argued that, under the circumstances presented in this case, the district court had erred in appointing co-lead plaintiffs and that, as the plaintiff with the largest financial stake in the case, Colorado PERA should have been designated as the sole lead plaintiff. The district court denied Colorado PERA's request for Section 1292(b) certification in an order dated August 5, 1998, and Colorado PERA's appeal and the instant motions followed.

## II.

■ The threshold legal question presented by the instant motions is whether we have subject matter jurisdiction to consider Colorado PERA's appeal of the district court's order. Under 28 U.S.C. § 1291, appeals courts have jurisdiction to review "final decisions" of the district courts. "The statutory requirement of a 'final decision' means that 'a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 429–430, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)). However, under the "collateral order" doctrine first enunciated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court has interpreted the final decision requirement to permit appeal of a narrow class of prejudgment orders. To qualify as an appealable collateral order, an order "must at a minimum satisfy three conditions: It must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Richardson–Merrell,* 472 U.S. at 431, 105 S.Ct. 2757 (internal quotation marks omitted).

■ We are not persuaded that the district court's order meets the finality requirement, the first element of the collateral order test. Among other things, the requirement of finality ensures that appellate court resources are not dissipated on appeals which, in the fullness of time, are rendered unnecessary by the district court's revision of its own early rulings. The Supreme Court has thus limited appealable collateral orders to those made "with the expectation that they will be the final word on the subject addressed." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,* 460 U.S. 1, 12 n. 14, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Along these lines, we have previously observed that, "[w]hile there is no simple formula to define finality ... an order expressly subject to future reconsideration by the issuing court is generally thought to be nonappealable." *In re Agent Orange Product Liability Litigation,* 745 F.2d 161, 163–64 (2d Cir.1984) (citation omitted); *see also* 15A Charles Alan Wright et al., *Federal Practice & Procedure* § 3911.1, at 372 (1992) ("Even if an order has been made, there is little justification for immediate appellate intrusion so long as there is a plain prospect that the trial court itself may alter the challenged ruling.").

In the instant case, the district court has explicitly indicated that its designation of Colorado PERA, the Vogel Plaintiffs, and PBHG as co-lead plaintiffs will be subject to continuing reassessment throughout the course of the litigation. Specifically, in its July 15, 1998 opinion designating the co-lead plaintiffs, the court wrote that it

> reserves the right to alter this structure at any time and for any reason, and will do so if it finds that the progress of the litigation is being delayed, that expenses are being unnecessarily enlarged, or if the structure established proves detrimental, in any way, to the best interests of the proposed class.

Moreover, in its decision denying Colorado PERA's motion for certification pursuant Section 1292(b), the district court again emphasized that it had reserved the discretion to reconsider its lead plaintiff determination. Under these circumstances, we cannot conclude that the district court's July 31, 1998 order has "conclusively determine[d] the disputed question." *See Richardson–Merrell,* 472 U.S. at 431, 105 S.Ct. 2757.

Having determined that the district court's order does not meet the finality requirement, we conclude that we lack subject matter jurisdiction over Colorado PERA's appeal. Accordingly, we need not consider the remaining criteria of the collateral order doctrine.

Of course, we intimate no view as to the merits of Colorado PERA's substantive challenge to the district court's order, which may well be the subject of an appeal in due course.

### III.

For the foregoing reasons, the motion of the Vogel Plaintiffs and PBHG to dismiss the appeal is granted, and Colorado PERA's motion for an expedited appeal is denied as moot.