Howard **GREENBERG**, Plaintiff,

v.

**BEAR STEARNS & CO., INC.,** and Bear Stearns Securities Corp., Defendants.

Robert Levitt for himself and as custodian for Richard Levitt and Monica Levitt, Robert Rice, Stephen G. Siben, Stephen Strobehn, Stanley Veltkamp, Philip C. Vitanza for himself and Elizabeth Vitanza and Luke Vitanza, John T. White, Guy V. Wood, Carl Zander, Jr., and Ted M. and Kathryn N. Jones, as Trustees, Plaintiffs,

v.

Bear Stearns & Co., Inc., and Bear Stearns Securities Corp., Defendants.

Nos. 99 CV 2788, 99 CV 2789.

United States District Court, E.D. New York.

Jan. 22, 2000.

Morley and Trager, New York City, NY, by Leslie Trager, of counsel, for the plaintiffs Howard Greenberg and Robert Levitt.

Kirby McInerney & Squire, LLP, New York City, NY, by Lewis S. Sandler, of counsel, for the Lead Class plaintiffs in the In Re Sterling Foster.

Milberg Weiss Bershad Hynes & Lerach, LLP, New York City, NY, by Robert A. Wallner, of counsel, for the Lead Class Plaintiffs in the In Re Sterling Foster.

Goodkind Labaton Rudoff & Sucharow, LLP, New York City, NY, by Ira A. Schochet, of counsel, for the Lead Class Plaintiffs in the In Re Sterling Foster.

Arnold & Porter, New York City, NY, by Peter L. Zimroth, Scott B. Schreiber, Kerry A. Dziubek, David Weintraub, of counsel, for the defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On January 19, 1999, Howard Greenberg filed a class action on behalf of purchasers of ML Direct stock against Bear Stearns in the United States District Court, Southern District of New York, *Greenberg v. Bear Stearns* (No. 99 CIV 359[JSM]). On February 9, 1999, additional plaintiffs, in an action entitled *Robert Levitt, et al. v. Bear Stearns* (No. 99 CIV 1115[JSM]), filed a second action for the same class in the United States District Court, Southern District of New York. The Greenberg and Levitt plaintiffs are both represented by the Morley & Trager law firm. On March 1, 1999, the Greenberg and Levitt plaintiffs moved in the Southern District to be appointed lead plaintiffs for the class of all persons who purchased ML Direct stock or warrants through Sterling Foster during the period of September 4, 1996 through December 31, 1996 (the "Class Period").

Prior to a decision being rendered by the Honorable John S. Martin, Jr., the plaintiffs in the *In Re Sterling Foster* multi district litigation (97 CV 189[ADS]), moved to transfer the Greenberg and Levitt cases to this Court. The Judicial Panel for Multi District Litigation entered an order effective April 6, 1999 granting the motion to transfer the actions entitled *Greenberg v. Bear Stearns* (No. 99 CIV 359[JSM]) and *Robert Levitt, et al. v. Bear Stearns* (No. 99 CIV 1115[JSM]) to this Court. In addition, the cases were given new civil action numbers as reflected in the caption above. Due to the transfer, Greenberg and Levitt's motion for lead plaintiffs was never decided and is now pending before this Court. Also pending before the Court are the motions filed by defendant Bear Stearns to dismiss the Greenberg and Levitt complaints.

## I. DISCUSSION

A. *The Motion to Dismiss the Greenberg Complaint*

On May 13, 1997, prior to Greenberg filing his class action complaint in the United States District Court, Southern District of New York, a Statement of Claim was filed by Greenberg against Bear Stearns in a National Association of Securities Dealers ("NASD") Arbitration alleging the same fraudulent scheme involving ML Direct and Bear Stearns. On March 9, 1999, the NASD arbitration panel dis-

missed Greenberg's Claim against Bear Stearns.

In Greenberg's opposition to Bear Stearns' motion to dismiss it is stated:

Defendant Bear Stearns has made a motion in the Greenberg case to dismiss the class action brought by Greenberg on the ground that Greenberg cannot be a class representative until the arbitration award dismissing his claim is vacated. Plaintiff agrees and asks that this Court defer consideration of the motion with respect to the Greenberg class action until a determination has been made with respect to the motion to vacate. The motion to vacate has been fully briefed and has been submitted to the Honorable John S. Martin in April, 1999.... Thus, once the arbitration award is vacated, Greenberg will then be entitled to pursue his class action remedies.

On August 23, 1999, Judge Martin denied Greenberg's motion to vacate the arbitral award and affirmed the decision of the arbitration panel dismissing the complaint. *See Greenberg v. Bear Stearns & Co., Inc.*, 99 CV 359(JSM), 1999 WL 642859 (S.D.N.Y. Aug.23, 1999). Judge Martin found that the arbitral panel's decision did not "reflect a manifest disregard of the evidence or the law." *Id.* at * 2.

It is well settled that the doctrine of res judicata precludes a party from re-litigating issues that have been previously decided. *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997) (*citing Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424 [1981]) (other citations omitted). A decision by an arbitrator is "as binding and conclusive under the doctrine of res judicata and estoppel as the judgment of a court." *Katz v. Financial Clearing & Servs. Corp.*, 794 F.Supp. 88, 94 (S.D.N.Y.1992); *American Renaissance Lines, Inc. v. Saxis S.S. Co.*, 502 F.2d 674, 679 (2d Cir.1974).

■ The unsuccessful claims presented by Greenberg to the arbitration panel do not differ in any respect to the claims presently before this Court. Accordingly, Bear Stearns' motion to dismiss the Greenberg complaint must be granted on the ground of res judicata.

### B. The Motion to Dismiss the Levitt Complaint

One of the principal arguments in Bear Stearns' motion to dismiss the Levitt complaint is that it is barred by the applicable statute of limitations. As a similar argument was made in a motion filed on December 20, 1999 on behalf of Bear Stearns in the *Rogers v. Sterling Foster & Co., Inc. et al.*, 97 CV 189(ADS) multi district litigation, the Court will hear oral argument on the motion to dismiss the Levitt complaint simultaneously with the numerous motions to dismiss already filed and to be filed in the near future with respect to the multi district litigation. Accordingly, the motion to dismiss the Levitt complaint is denied with leave to renew after the Court notifies all parties of the date and time of oral argument on the numerous separately filed motions to dismiss in the *In Re Sterling Foster* multi district litigation.

### C. The Motion for Lead Plaintiff Status

Even in the event the Levitt complaint is not dismissed, the Court is of the view that the Levitt plaintiffs should not be appointed lead plaintiffs for the subclass of ML Direct Inc. against Bear Stearns.

As previously stated, the Levitt plaintiffs seek to be appointed additional lead plaintiffs for a subclass of the current class in the *In Re Sterling Foster* multi district litigation. The subclass consists of purchasers of defendant ML Direct securities, and is limited to their claims against the defendant Bear Stearns.

On October 27, 1997, prior to the multi district litigation being transferred to this Court, the Honorable Denis R. Hurley appointed as lead class plaintiffs in the *In Re Sterling Foster* matter (97 CV 189, 97 CV

610, 97 CV 1689, 97 CV 3253, 97 CV 3775) the representatives of purchasers of ML Direct, Lasergate Systems, Advanced Voice Technologies, Com/Tech Communications Technologies, Embryo Development Corporation and Applewoods (the "Rogers plaintiffs"). One of the law firms representing these plaintiffs is Kirby, McInerney & Squire LLP.

In December 1998, lead class plaintiffs in the multi district litigation moved to amend the complaint to add Bear Stearns as a defendant. On February 12, 1999, the motion to amend was granted.

As stated above, on January 19, 1999, the law firm of Morley and Trager, on behalf of Greenberg, filed a class action against Bear Stearns in the Southern District of New York. On January 25, 1999, Morley and Trager filed a notice of the Greenberg class action on the internet. The Levitt plaintiffs apparently responded to the Greenberg notice. As such, on February 9, 1999, Morley and Trager filed another complaint in the Southern District, on behalf of the Levitt plaintiffs, almost identical to the Greenberg complaint.

As previously stated, on August 23, 1999, Judge Martin upheld the arbitration panel's decision which found that Greenberg's complaint against Bear Stearns was unfounded. *Greenberg v. Bear Stearns & Co., Inc.,* 99 CV 359(JSM), 1999 WL 642859 (S.D.N.Y. Aug.23, 1999). The decision by Judge Martin resulted in the dismissal of the Greenberg complaint presently before this Court. Accordingly, the only issue remaining is whether the Levitt plaintiffs should be appointed lead plaintiffs for the ML Direct/Bear Stearns subclass.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(a)(3)(B), the Court must consider all motions made by purported class members seeking to be appointed lead plaintiff and to determine the "member or members of the purported plaintiff class that ... [is] most capable of adequately repre-

senting the interests of the class members." 15 U.S.C. § 78u–4(a)(3)(B)(i).

In this regard, 15 U.S.C. § 78u–4(a)(3)(A)(i) states:

Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, no later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

After publication of the notice described above, the Court must appoint, as lead plaintiff, the class member or members who are most capable of adequately representing the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(i); *see also Metro Services Inc. v. Wiggins,* 158 F.3d 162, 164 (2d Cir. 1998). The Court must presume that the most adequate lead plaintiff is the shareholder who (i) has either filed the complaint or has filed a motion seeking designation as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of the Federal Rules of Civil Procedure. *See Metro Services,* 158 F.3d at 164–65; *Mitchell v. Complete Management, Inc.,* 1999 WL 728678, * 2 – * 3 (S.D.N.Y. Sept.17, 1999); *In Re Olsten Corp. Securities Litig.,* 3 F.Supp.2d 286, 294–95; *Gluck v. CellStar Corp.,* 976 F.Supp. 542, 544–45 (N.D.Texas 1997). This presumption is rebuttable only where the plaintiff will not adequately and fairly represent the class. *Mitchell,* 1999 WL 728678, * 3.

The Levitt plaintiffs essentially make two arguments in support of their contention that they should be named lead plaintiffs for the subclass of ML Direct purchasers against the defendant Bear

Stearns. First, the plaintiffs in the *Rogers* multi district litigation action did not file the required notice as described above when they filed an amended complaint naming Bear Stearns as a co-defendant. While the Levitt plaintiffs cannot dispute that the Rogers plaintiffs followed the notice requirements when the complaint was originally filed, it is their position that another notice was required to be published when the complaint was amended on February 12, 1999. As a result, the Levitt plaintiffs argue that because the Rogers plaintiffs did not either publish a notice after the amended complaint was filed or move to be considered lead plaintiffs in response to the notice filed by the Greenberg and Levitt plaintiffs, they are not eligible to be appointed lead plaintiffs with respect to the class action of purchasers of ML Direct against Bear Stearns.

■ The Court disagrees. The assertion by the Levitt plaintiffs that the Rogers plaintiffs should be barred from being appointed lead plaintiffs with respect to the class action of ML Direct against Bear Stearns because of their failure to publish a notice within 20 days of filing an amended complaint is not supported by any case law authority or by the provisions of the PSLRA. None of the cases cited by the Levitt plaintiffs stand for the proposition that another notice by the lead plaintiffs must be published after an amended complaint naming a new defendant is filed. In fact, the Court is unable to locate any authority within this Circuit or elsewhere, which stands for that proposition. In addition, the unambiguous language of the PSLRA states that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff ... shall cause to be published ... a notice advising the members of the purported plaintiff class ...." 15 U.S.C. § 78u–4(a)(3)(A)(i) (emphasis added). The statute does not mandate, nor does it suggest, that a Court approved lead plaintiff must re-publish a notice of the purported class after an amended complaint is filed.

As the lead class plaintiffs in the multi district litigation had previously published a notice informing potential plaintiffs of the existing litigation involving purchasers of ML Direct against the defendant Sterling Foster, the Court finds that neither case law nor the provisions of the PSLRA require a second notice to be published when the complaint was amended to add the Bear Stearns additional defendant.

The Levitt plaintiffs second argument is that they have the largest financial interest in the outcome of the litigation. In an affidavit submitted by Leslie Trager on behalf of the Levitt plaintiffs, it is stated that the "maximum losses [of the lead class plaintiffs in the multi district litigation] comes to $154,192 ... [while] plaintiffs in the Levitt action sustained losses totaling $469,276.19...."

As previously stated, the PSLRA states that when considering who should be appointed lead plaintiff in a class action, a rebuttable presumption is created in favor of the plaintiff or plaintiffs that have "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb) (emphasis added). Counsel for the plaintiffs in the Levitt action ask this Court to assess the financial interests of the respective plaintiffs by comparing the sub class of purchasers of ML Direct Stock against the defendant Bear Stearns, rather than considering the entire class of plaintiffs and defendants. If the Court were to consider the entire class, "[t]he current lead plaintiffs, have suffered total damages probably exceeding $1,400,000." (*See* Affidavit of Lewis S. Sandler in opposition to Morley & Trager Motion to be Appointed Lead Plaintiffs).

The PSLRA provides that a rebuttable presumption is created in favor of the plaintiff or plaintiffs that have "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb) (emphasis added). The Court will not, as suggested by counsel for the Levitt plaintiffs, sub divide the class in the *In Re Sterling Foster* multi

**70**

district litigation matter and appoint lead plaintiffs in separate sub classes. To do so would be contrary to the unambiguous language in the statute and run counter to one of the stated purposes of the PSLRA which is to "minimize costs" and to "giv[e] control of the litigation to lead plaintiffs with substantial holdings to the securities of the issuer." Conference Report on Securities Litigation Reform, H.R.Rep. No. 104–369, 104th Congress, 1st Sess.

 The current lead class plaintiffs in the multi district litigation have the largest financial interest in the relief sought by the entire class. When attempting to resolve who is the most adequate plaintiff to represent the class, the Court is of the view that the largest financial interest of the class should be considered, not the largest financial interest of separate sub classes. The Court also notes that the current lead class plaintiffs in the multi district litigation have been adequately managing the multi district litigation from the outset. To disturb the litigation by appointing a subclass of lead plaintiffs absent any convincing evidence that they would otherwise be prejudiced, would undoubtedly create further delays and costs in this litigation. Accordingly, the current lead plaintiffs in the multi district litigation are the most adequate representatives of the class in the present litigation before this Court, which includes the purchasers of ML Direct against Bear Stearns.

## II. CONCLUSION

Having reviewed the parties' submissions, and afforded them the opportunity to present oral argument, it is hereby

**ORDERED,** that Bear Stearns' motion to dismiss the *Greenberg* (99 CV 2788) complaint is **GRANTED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to close civil case number 99 CV 2788; and it is further

**ORDERED,** that Bear Stearns' motion to dismiss the *Levitt* (99 CV 2789) complaint is **DENIED** with leave to renew in conjunction with the motions to dismiss in the *In Re Sterling Foster* (97 CV 189) multi district litigation; and it is further

**ORDERED,** that the renewed motion to dismiss the *Levitt* complaint shall be re-briefed within thirty days from the date of this order; and it is further

**ORDERED,** that the Levitt plaintiffs' motion to be appointed Lead Plaintiffs for the sub-class of ML Direct against Bear Stearns is **DENIED.**

**SO ORDERED.**