231 F.3d 1215 (9th Cir. 2000)
 Z-SEVEN FUND, INC., MIKE DESIDERIO, on behalf of himself and all others similarly situated; MOTORCAR INSTITUTIONAL GROUP, Plaintiff-Appellant,
FRANCINE EHRLICH, Plaintiff-Appellee,
v.
MOTORCAR PARTS & ACCESSORIES; MEL MARKS; RICHARD MARKS,Defendants.
 No. 00-55014
 FOR PUBLICATION UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted August 9, 2000
Filed October 18, 2000
 
 Behram Y. Parekh, Weiss & Yourman, Los Angeles, California, for the plaintiffs-appellants.
 Marc M. Seltzer, Susman Godfrey L.L.P., Los Angeles, California, for the plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California; Manuel L. Real, District Judge, Presiding. D.C. No. CV 99-07971-MLR
 Before: David R. Thompson, Thomas G. Nelson, and Barry G. Silverman, Circuit Judges.
 SILVERMAN, Circuit Judge:
 
 
 1
 The issue before us is whether an order appointing a"lead plaintiff" in an on-going securities fraud class action is a "collateral order" from which an interlocutory appeal can be taken. We hold that it is not, and therefore dismiss this appeal for lack of jurisdiction.
 
 I. Background
 
 2
 Fourteen separate civil actions were commenced in the federal courts of New York and California against Motorcar Parts & Accessories, Inc. alleging violations of the securities laws. In general terms, it is alleged that Motorcar had concealed accounting irregularities and disseminated false statements about the company's performance. The plaintiffs sought to recover damages on behalf of a proposed class of purchasers of Motorcar stock during a certain three-year period. The Judicial Panel on Multi-District Litigation consolidated all of these cases for pretrial proceedings and assigned them to Judge Real in Los Angeles.
 
 
 3
 Four different individuals and groups filed applications seeking appointment as lead plaintiff pursuant to 21D(a)(3) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The first group, the Motorcar Plaintiffs' Group ("MPG"), represented by the law firm of Milberg Weiss Bershad Hynes & Lerack, consisted of 34 previously unaffiliated persons. The second group, the Motorcar Institutional Group ("MIG"), represented by the Weiss & Yourman law firm, was made up of 209 previously unrelated individuals and firms, including the Z-Seven Fund. That application proposed the appointment of the entire 209 member group as lead plaintiffs, or in the alternative, that the Z-Seven Fund be appointed. The third application was filed by plaintiff Louisiana State Employees' Retirement System, a large institutional investor. The fourth application was filed by plaintiff Francine Ehrlich.
 
 
 4
 Each of the motions alleged that its individual or group had the largest financial interest in the relief sought and therefore, was entitled to the benefit of a statutory presumption that it was the "most adequate" to serve as lead plaintiff. MPG claimed aggregate losses of $248,835 and a loss of $67,000 suffered by an individual member of its group. MIG alleged an aggregate loss of $1.8 million and a $410,000 individual loss by the Z-Seven Fund, one of the members of its group. Ehrlich alleged a loss of $54,745 and the Louisiana State Employees' Retirement System claimed an aggregate loss of $53,700.
 
 
 5
 In support of MPG's application, the Milberg Weiss law firm alleged that the Weiss & Yourman law firm, which represented MIG and Z-Seven, had unethically and illegally solicited class members by sending misleading correspondence to brokerage firms and reimbursing the brokerage firms. Milberg Weiss submitted declarations from Geoffrey Hazard, a professor of law and expert in legal ethics and Ellen Peck, an expert in professional responsibility in the State of California, in support of its allegations. Professor Hazard stated that Weiss & Yourman's violations of ethical standards "taints the entire group and should disqualify it and its counsel from any leadership role in this case." Ellen Peck stated that Weiss & Yourman had violated California Professional Conduct Rule 1400(D)(2).
 
 
 6
 Milberg Weiss also alleged that Z-Seven was subject to unique defenses because it had been sued recently for breach of fiduciary duty in an unrelated shareholder action. Milberg Weiss alleged that although the lawsuit was ultimately dismissed on undisclosed terms, the mere charge of breach of fiduciary duty raised concerns about Z-Seven's ability to serve as lead plaintiff on behalf of absent class members, and subjected Z-Seven to unique defenses.
 
 
 7
 In turn, Weiss & Yourman attacked the ethical qualifications of Milberg Weiss, asserting that Milberg Weiss had recently paid $50 million to settle an abuse of process claim. It alleged that Milberg Weiss had sought to intimidate brokerage houses in another lawsuit[1] by mailing letters to the brokerage houses informing them that providing shareholder lists to plaintiff's firms without prior court orders could result in imprisonment of up to 10 years and a fine up to $1 million and noting that copies of the letters were being sent to the SEC. Weiss & Yourman also alleged that Milberg Weiss had admitted that it had contacted Weiss & Yourman's proposed lead plaintiffs in other actions in violation of ethical rules and the PSLRA.
 
 
 8
 Weiss & Yourman submitted a declaration from Z-Seven's corporate secretary stating that Z-Seven had not been improperly solicited by Weiss & Yourman. It also submitted evidence that the lawsuit against Z-Seven had been voluntarily dismissed.
 
 
 9
 This was not the first time that Milberg Weiss and Weiss & Yourman have exchanged shrill allegations of unethical conduct.[2] Regardless of the truth or falsity of those allegations, and whatever the situation was with Z-Seven's prior lawsuit, one thing was undisputed: No one contended that Francine Ehrlich could not adequately represent the class as lead plaintiff. In the face of that record, Judge Real rejected the applications by the groups represented by Milberg Weiss and Weiss & Yourman and instead appointed Francine Ehrlich as lead plaintiff. However, Judge Real declined to appoint Ms. Ehrlich's counsel as lead counsel for the class, and instead selected Marc Seltzer, who represented the Louisiana State Employees' Retirement System.
 
 
 10
 Z-Seven, one of the entities comprising the MIG group represented by Weiss & Yourman, now appeals Ehrlich's appointment as lead plaintiff. Z-Seven did not seek or obtain certification of an interlocutory order under 28 U.S.C. 1292(b), but instead filed a direct appeal under 28 U.S.C. 1291. Ehrlich, arguing the absence of either a final judgment or an exception to the final judgment rule, has filed a motion to dismiss Z-Seven's appeal for lack of jurisdiction.
 
 II. DISCUSSION
 A. PSLRA
 
 11
 The PSLRA provides that "as soon as practicable" after a motion to consolidate has been decided, the district court shall appoint a lead plaintiff "that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. 38u-4(a)(3)(B)(i). In making this determination, the court is to apply a rebuttable presumption that the most adequate plaintiff is the applicant who has the largest financial interest in the relief sought and otherwise meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.[3] This presumption can be rebutted by a showing that the presumptive candidate for appointment will not fairly and adequately represent the class, or is subject to unique defenses. 15 U.S.C. 78-u4(a)(3)(B)(iii)(II).[4]
 
 B. Collateral Order Doctrine
 
 12
 Z-Seven argues that the order designating the lead plaintiff under the PSLRA is an appealable collateral order. The Supreme Court articulated the collateral order doctrine in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). For an order to be appealable as a collateral order, that "order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).
 
 
 13
 In the first place, the district court's order designating a lead plaintiff is not a conclusive, immutable determination of the issue. It can be revisited if circumstances warrant. ZSeven argues otherwise because the district court did not specifically reserve the right to reconsider its ruling. It is true, as Z-Seven points out, that in Metro Services Inc. v. Wiggins, 158 F.3d 162, 165 (2d Cir. 1998), the district court specifically reserved the right to reconsider its lead plaintiff determination. The Second Circuit held that because of this reservation of discretion, the order could not be considered a conclusive determination of the question. Id. at 165. In our view, however, a specific reservation is not the key to the analysis. Nothing in the statutory language requires a specific reservation before a lead plaintiff designation can be reopened. Quite the contrary. Under 15 U.S.C. 38u4(a)(3)(B)(iii)(I)(cc), the lead plaintiff must"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(d) provides that Rule 23 orders "may be altered or amended as may be desirable from time to time." Fed.R.Civ.P. 23(d); see also Social Servs. Union, Local 535 v. Santa Clara County, 609 F.2d 944, 949 (9th Cir. 1979). It is not inconceivable that a lead plaintiff appointed originally might turn out to be an inadequate class representative and that a change might have to be made. Ordering such a change would be consistent with the district court's continuing duty to see that a class is adequately represented by counsel. North Am. Acceptance Corp. Sec. Cases v. Arnall, Golden & Gregory, 593 F.2d 642, 645 (5th Cir. 1979).
 
 
 14
 The district court's lead plaintiff order also fails to meet the second requirement of a collateral order. It does not resolve an important issue that is completely separate from the merits. In an analogous situation, in Coopers & Lybrand, the Supreme Court held that a class certification order is not an immediately appealable "collateral order" because the adequacy of class representation and the Rule 23 issues of typicality and commonality involve questions that are"intimately involved with the merits of the claims." Coopers & Lybrand, 437 U.S. at 469 n. 12. The Supreme Court stated,
 
 
 15
 Evaluation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims. The typicality of the representative's claims or defenses, the adequacy of the representative, and the presence of common questions of law or fact are obvious examples. The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits . . .
 
 
 16
 Id., quoting Wright, A. Miller, & E. Cooper, Federal Practice and Procedure 3911, p. 485 n. 45 (1976).[5]The same can be said of an order appointing a lead plaintiff. The determination of the adequacy of the lead plaintiff necessarily involves the consideration of facts and circumstances that relate directly to the merits of the action, such as the typicality of the claims and any defenses that might apply.
 
 
 17
 Finally, an order appointing a lead plaintiff does not meet the third criterion of a collateral order -- it is not effectively unreviewable on appeal. Z-Seven argues that the question of who controls the litigation will be moot by the time of final appeal. Not so. There is no reason why an erroneous lead plaintiff ruling cannot be reviewed on appeal like other procedural class action rulings made in the course of litigation. Cf. North Am. Acceptance, 593 F.2d at 645 (holding that a denial of a motion to disqualify class counsel is in effect a claim that the class was not adequately represented that can be effectively reviewed upon an appeal from a final judgment); Coopers & Lybrand, 437 U.S. at 469 (holding that an order denying class certification is subject to effective review after final judgment); In re Fine Paper Antitrust Litig., 617 F.2d 22, 26-27 (3d Cir. 1980) (holding that the issue of whether class counsel should be disqualified is a claim that the class was not adequately represented and can be reviewed on appeal).
 
 
 18
 Because the lead plaintiff order does not meet any of the three requirements of the collateral order doctrine, or for that matter, the pragmatic finality doctrine,[6] it cannot be appealed at this time. We note that the Tenth Circuit came to the same conclusion. Pindus v. Fleming Co., 146 F.3d 1224, 1226 (10th Cir. 1998).
 
 III. Mandamus
 
 19
 We have the discretion to construe an appeal as a petition for writ of mandamus in "extraordinary" cases. Calderon v. United States Dist. Court, 163 F.3d 530, 534 (9th Cir. 1988) (en banc). In deciding whether to construe the appeal as a mandamus petition, we consider the appeal in light of the five Bauman factors. Bauman v. United States Dist. Court 557 F.2d 650, 654-55 (9th Cir. 1977). Mandamus is not appropriate in this case because Z-Seven has not shown that the district court clearly erred in appointing Ehrlich as lead plaintiff. This factor alone is sufficient to deny mandamus. McDaniel v. United States Dist. Court, 127 F.3d 886, 888 (9th Cir. 1997).
 
 
 20
 APPELLEE'S MOTION TO DISMISS GRANTED; APPEAL DISMISSED FOR LACK OF JURISDICTION
 
 
 
 Notes:
 
 
 [1]
 In re Network Associates Secs. Litig., 76 F.Supp. 2d 1017 (N.D. Cal. 1999).
 
 
 [2]
 In Network Associates, the district court stated that these attorneys had exchanged "inflammatory charges of fraud, incompetence and solicitation even accusations of criminal conduct." In re Network Associates Secs. Litig., 76 F.Supp. 2d at 1031.
 
 
 [3]
 Rule 23 provides, in relevant part:
 (a) Prerequisites to a Class Action.
 One or more members of a class may sue or be sued as representative parties on behalf of all only if . . . (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).
 
 
 [4]
 The statute provides, in relevant part:
 (B) Appointment of lead plaintiff
 (i) In general
 Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.
 (ii) Consolidated actions
 If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.
 (iii) Rebuttable presumption
 (I) In general
 Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
 (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
 (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
 (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
 (II) Rebuttal evidence
 The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate
 plaintiff--
 (aa) will not fairly and adequately protect the interests of the class; or
 (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.
 
 
 [5]
 The 1998 amendments to Fed.R.Civ.P. 23 now allow the court of appeals to consider class certification orders on appeal. See Fed.R.Civ.P. 23(f).
 
 
 [6]
 Coopers & Lybrand, 437 U.S. at 477 n.30; In re Subpoena served on California Public Utils. Comm'n, 813 F.2d 1473, 1480 (9th Cir. 1987). 13248