Johnny CORDOVA, Petitioner—
Appellant,

v.

C.A. TERHUNE, Director,
Respondent—
Appellee.

No. 05–15322.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Dec. 7, 2005.

Decided Jan. 25, 2006.

Maureen J. Shanahan, Esq., Totaro &
Shanahan, Pacific Palisades, CA, for Peti-
tioner–Appellant.

Laurence K. Sullivan, Esq., AGCA—Of-
fice of the California Attorney General,
San Francisco, CA, for Respondent–Appel-
lee.

Before: B. FLETCHER, THOMPSON, and BEA, Circuit Judges.

### MEMORANDUM *

Johnny Cordova appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. This court issued a certificate of appealability permitting Cordova to raise the following issues: (1) whether his counsel was ineffective in advising him that the prosecution's plea offer would remain open indefinitely, including whether Cordova was entitled to an evidentiary hearing on the issue; and (2) whether counsel was ineffective for failing to investigate or raise the issue of whether Cordova was subject to vindictive or selective prosecution. We vacate the district court's denial of the first claim and remand for an evidentiary hearing; we affirm the district court's denial of the second claim.

### A. Plea Offer

"We review de novo the district court's interpretation of AEDPA standards governing the grant or denial of an evidentiary hearing, and we review for abuse of discretion the district court's ultimate denial of an evidentiary hearing.. . ." *Earp v. Stokes,* 423 F.3d 1024, 1031 (9th Cir. 2005). "[F]or a post-AEDPA petitioner to receive an evidentiary hearing in federal court, he must first show that he has not failed to develop the factual basis of the claim in state courts. . . ." *Insyxiengmay v. Morgan,* 403 F.3d 657, 670 (9th Cir. 2005). "Then he must meet one of the *Townsend* factors and make colorable allegations that, if proven at an evidentiary hearing, would entitle him to habeas relief." *Id; see also id.* (quoting *Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) (articulating six circumstances under which a habeas petitioner is entitled to an evidentiary hearing in federal court)).

Here, Cordova did not "fail to develop" a factual record as to his ineffective assistance of counsel claim because his state habeas petition was summarily dismissed by the state courts prior to the stage at which an evidentiary request was required. *See Williams v. Taylor,* 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (noting that under AEDPA, "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."); *Jones v. Wood,* 114 F.3d 1002, 1012 (9th Cir.1997) (rejecting government's argument that petitioner was not entitled to an evidentiary hearing because he failed to develop the facts at the state-court level since petitioner was never given the opportunity to do so).

Because, through no fault of his own, Cordova was not afforded a full and fair opportunity to adequately develop material facts, an evidentiary hearing is required if Cordova has alleged facts that, if proved, would entitle him to habeas relief. *See Insyxiengmay,* 403 F.3d at 670–71; *see also Townsend,* 372 U.S. at 313, 83 S.Ct. 745 (holding that an evidentiary hearing is mandatory where the material facts were not adequately developed at the state-court hearing), *overruled in part by Keeney v. Tamayo–Reyes,* 504 U.S. 1, 5, 11, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) (holding that in such circumstances petitioner is not entitled to an evidentiary hearing unless "he can show cause for his

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

failure to develop the facts in the state-court proceedings and actual prejudice resulting from that failure"); *Earp*, 423 F.3d at 1032 ("[W]here the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing." (citation omitted)).

■ Cordova is entitled to an evidentiary hearing because he has presented a colorable claim of ineffective assistance of counsel based on his trial counsel's advice regarding the plea offer. To prevail on this claim, Cordova must show both that his trial counsel's performance was deficient and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Cordova contends his trial counsel was deficient by advising him that a twelve-year plea offer "would always be there" and by failing to inform him until after the motion to dismiss had been denied that the plea offer had been withdrawn. These two alleged actions were each deficient under *Strickland*—the first because it implied that the plea offer would remain available even after Cordova filed a motion to dismiss, and the second because it deprived Cordova of a potential opportunity to resurrect the plea offer by withdrawing the motion to dismiss. *See Nunes v. Mueller*, 350 F.3d 1045, 1053 (9th Cir.2003) ("During all critical stages of a prosecution, which must include the plea bargaining process, it is counsel's 'duty to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution.'" (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052)).

Judge Bea argues in dissent that Cordova's claim of ineffective assistance must fail because it rests on "defense counsel's guess about the future conduct of a third party." The problem, however, is not that defense counsel hazarded a guess about what the prosecutor would do; it is that he affirmatively misrepresented to Cordova that a plea agreement would always be available—a statement that was plainly false. "[W]here the issue is whether to advise the client to plead or not 'the attorney has the duty to advise the defendant of the available options and possible consequences' and failure to do so constitutes ineffective assistance of counsel." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.1994), (quoting *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir.1981)). Here, defense counsel did not advise Cordova of the available options and possible consequences; instead, he allegedly assured Cordova that an option would always be there to take the twelve-year offer (thus implying to Cordova that withdrawal of the offer would not be a potential consequence of moving to dismiss the charges), and he allegedly failed to inform Cordova of the consequences when the offer was withdrawn (thus denying Cordova a chance to reverse the prosecutor's decision, before the court ruled on the motion to dismiss).

■ The deficiencies were also prejudicial—had Cordova been properly advised, he alleges he would have accepted the twelve-year offer. Instead, he was sentenced to a prison term of twenty-five years to life under California's three strikes law. *See Blaylock*, 20 F.3d at 1467 (considering disparity between the actual sentence imposed and the sentence recommended in the plea agreement as a factor in establishing *Strickland* prejudice).

■ Cordova has established his entitlement to an evidentiary hearing to resolve the issues he has raised pertaining to his counsel's handling of the government's twelve-year plea offer. These issues include, but are not limited to, whether Cordova's counsel told him what Cordova says he did, what Cordova's understanding was

of the plea bargaining process in view of his previous experience, when and why the government decided to revoke its plea offer, and whether the government would have reinstated its offer if Cordova had withdrawn his motion to dismiss. Accordingly, we remand Cordova's habeas petition to the district court for an evidentiary hearing on his claim that he received ineffective assistance of trial counsel with regard to the government's offer of a twelve-year prison term.

## B. Failure to Investigate Vindictive Prosecution

■ Cordova contends that his trial counsel was also ineffective for failing to investigate whether he was being prosecuted in a vindictive or selective fashion due to his Mexican ancestry, his past membership in the Nuestra Familia prison gang, and/or his refusal to cooperate in the prosecution of another Nuestra Familia member. Under both California and federal law, however, a prosecutor's decision about whether and how to bring criminal charges against a defendant is virtually unreviewable. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *People v. Michaels*, 28 Cal.4th 486, 514–15, 122 Cal.Rptr.2d 285, 49 P.3d 1032 (2002). We are aware of no case—and Cordova does not point to one—in which a criminal defendant has successfully challenged a prosecutor's decision about whether to bring charges and which charges to bring.

In these circumstances, defense counsel's decision not to investigate or raise a claim of vindictive prosecution was a sound strategical choice, and his performance therefore did not fall "below an objective standard of reasonableness."

*Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. Further, even though it improperly analyzed Cordova's Sixth Amendment claim regarding the failure to investigate vindictive prosecution, the California Court of Appeal's resolution of that claim was not an unreasonable application of *Strickland,* and Cordova is therefore not entitled to habeas relief on that aspect of the claim. *See* 28 U.S.C. § 2254(d); *Fisher v. Roe,* 263 F.3d 906, 914 (9th. Cir. 2001), *overruled on other grounds, Payton v. Woodford,* 346 F.3d 1204, 1218 n. 18 (9th Cir.2003).

**AFFIRMED in part, VACATED in part, and REMANDED for an evidentiary hearing.**

BEA, Circuit Judge, dissenting:

I respectfully dissent from the majority's determination to grant Johnny Cordova an evidentiary hearing on his ineffective assistance of counsel claim related to his trial counsel's advice regarding the offered plea agreement. As the majority explains:

> Cordova contends his trial counsel was deficient by advising him that a twelve-year plea offer "would always be there" and by failing to inform him until after the motion to dismiss had been denied that the plea offer had been withdrawn.

Majority at ——.

Ineffective assistance of counsel requires the defendant to show that counsel's performance fell below an objective standard of reasonableness and that the errors made were so serious as to deprive defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052.[1] In addition, because Cordova is in custody pursuant to a judgment of a state court,

---

**1.** A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making

we may not grant a writ of habeas corpus unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Counsel's statement that the plea offer "would always be there" is consistent with the representation that the plea offer was open-ended, and there is no evidence that the offer was not open-ended when made. Contrary to the majority's assertion, counsel's statement was not an "affirmative misrepresent[ation]." Majority at 5. In fact, the plea agreement remained available for more than a month. Any further "implication" that the plea offer would remain available notwithstanding Cordova filing a motion to dismiss could not reasonably have been relied upon as a statement of fact. At most, this "implication" reflected counsel's opinion regarding the potential future conduct of the prosecutor.[2]

To establish a claim for ineffective assistance of counsel, Cordova must allege facts which establish that he relied on something more than defense counsel's guess about the future conduct of a third party. Here, however, Cordova has not alleged defense counsel made a representation about a matter upon which he could reasonably have relied.[3] Because Cordova has failed to establish that his counsel's performance fell below an objective standard of reasonableness, it was not an unreasonable application of *Strickland* for the California state courts to deny Cordova's habeas claim of ineffective assistance of counsel.

Even assuming, as the majority concludes, that counsel's failure to inform Cordova that the plea offer had been withdrawn after the motion to dismiss was filed constitutes ineffective assistance, Cordova has failed to establish he was prejudiced by his counsel's performance. Cordova asserts that had he known the plea agreement had been withdrawn after his motion to dismiss was filed, he would have instructed his counsel to attempt to resurrect the offer by withdrawing the motion to dismiss. What Cordova fails even to allege is that the prosecutor would have agreed to resurrect the plea agreement if the motion to dismiss were withdrawn.[4]

the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
*Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

**2.** The majority is flatly wrong to say defense counsel's alleged statement that the offer "would always be there" was "plainly false." There is no allegation, much less any evidence, that defense counsel *knew* the prosecutor would retract the offer. Furthermore, there is not a word of evidence the prosecutor had such a practice or had stated such an intention.

**3.** In California, even after a defendant has accepted a plea offer, which Cordova did not, "a prosecutor may withdraw from a plea bargain before a defendant pleads guilty or otherwise detrimentally relies on that bargain." *People v. Rhoden*, 75 Cal.App.4th 1346, 1354, 89 Cal.Rptr.2d 819 (1999). Furthermore, it is well established in California that all individuals are charged with knowledge of the law. See *People v. O'Brien*, 96 Cal. 171, 176–77, 31 P. 45 (1892).

**4.** Addressing both of counsel's alleged deficiencies in a single sentence, the majority concludes Cordova was prejudiced because "had Cordova been properly advised, he alleges he would have accepted the twelve-year offer." Majority at 5. Although this claim of prejudice may apply to counsel's alleged defi-

Absent any evidence, or even assertion, that the prosecutor would have agreed to resurrect the plea agreement after it had been withdrawn, it was not an unreasonable application of *Strickland* for the California state courts to deny Cordova's habeas claim of ineffective assistance of counsel. *See Jones v. Wood*, 114 F.3d 1002, 1012 (9th Cir.1997) (finding that, in light of defendant's claim of innocence and counsel's advice that the case against him was "weak," defendant failed to establish prejudice resulting from his counsel's failure to inform him of a plea offer because defendant failed to prove there was a reasonable probability he would have accepted the offer).

"In habeas proceedings, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir.1998). "However, an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." *Id.* (emphasis in original). Because I disagree with the majority's conclusion that Cordova's allegations, if established, would entitle him to relief, I would not grant an evidentiary hearing. "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir.1999) (citing *Calderon v.*

*U.S.D.C. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir.1996)).

---

ciency in advising Cordova that the plea offer "would always be there" it does not address counsel's delay in advising Cordova that the plea offer had been withdrawn. Cordova could not have accepted the plea after it was withdrawn, even if he had immediately been so informed, because the plea offer was no longer available. What the majority fails to recognize is that to establish prejudice from counsel's delay in informing Cordova that the plea offer had been withdrawn, Cordova must establish that his timely knowledge of the withdrawn plea would somehow have resulted in the prosecutor agreeing to reinstate the offer, which he then would have accepted. Perhaps one reason Cordova does not even allege that the prosecutor would have agreed to resurrect the offer is that Cordova alleges he was subjected to vindictive and selective prosecution.