ELD-031                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-9002
_____

IN RE:  JEFFREY A. BEARD; DAVID DIGUGLIELMO;
AND FRANKLIN J. TENNIS,
                                                      Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 05-cv-1094)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 25, 2010

Before:  SCIRICA, HARDIMAN and NYGAARD, Circuit Judges.

(Filed:  June 3, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

   The Commonwealth of Pennsylvania petitions for a writ of mandamus to challenge

a discovery order issued by the United States District Court for the Eastern District of

Pennsylvania in a capital habeas corpus matter.  For the following reasons, we will deny

the petition.

I.  Background

In 1993, after a jury trial, the Court of Common Pleas of Philadelphia County convicted Jose Uderra of first degree murder and other crimes.  He was sentenced to death.  In 2005, through counsel, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He raised numerous claims, including ineffective assistance of counsel and race discrimination in jury selection under Batson v. Kentucky, 476 U.S. 79 (1986).

On October 1, 2007, Uderra filed a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases.  Uderra sought: (1) copies of the discovery materials that previously had been provided to Uderra's trial counsel; (2) copies of or access to the original police files maintained in the City of Philadelphia Archives; (3) copies of the prosecutor's notes on jury selection, the juror questionnaires from Uderra's trial, and general materials on jury selection procedures; and (4) all exculpatory material.[1]  Uderra argued he had good cause for each request.

The Commonwealth responded to the discovery motion.  The Commonwealth agreed to provide fresh copies of the pretrial discovery that had been provided to Uderra in the state court proceedings, as well as any exculpatory evidence it had an obligation to disclose.  However, the Commonwealth opposed the discovery requests made in support

_____

[1] Uderra also requested materials concerning witness reimbursement for hotels and meals, but subsequently withdrew the request.

of Uderra's Batson claim – specifically, the prosecutor's notes, the jury questionnaires, and the materials on jury selection procedures – arguing that the underlying Batson claim clearly lacked merit. The Commonwealth also opposed Uderra's request for access to the complete police file, on the grounds that the material was protected by privilege and that Uderra was merely attempting to conduct a "fishing expedition" to search for potential new habeas corpus claims.

On February 9, 2009, the District Court granted the discovery request in part, by ordering the Commonwealth to produce the materials related to Uderra's Batson claim. In a footnote, the District Court stated, apparently erroneously, that the Commonwealth had voluntarily agreed to turn over the other requested materials, including the complete archived police file.

The Commonwealth moved for reconsideration, arguing that recent authority clearly bars Uderra's underlying Batson claim, see Abu-Jamal v. Horn, 520 F.3d 272 (3d Cir. 2008), vacated on other grounds sub nom. Beard v. Abu-Jamal, 130 S. Ct. 1134 (2010), and therefore precludes the finding of good cause for discovery on that claim. Uderra responded that discovery was appropriate both to preserve the claim in the event of a change in the law and because he wished to pursue a claim that trial counsel was ineffective for neglecting to pursue and preserve his Batson claim at trial.

On January 25, 2010, the District Court heard argument on the motion and, on March 15, 2010, the District Court denied the motion for reconsideration. Among other

3

things, the District Court accepted Uderra's argument that he has good cause to pursue discovery in support of a claim that counsel was ineffective for failing to raise a <u>Batson</u> claim at trial. In addition to the previously-ordered discovery, the District Court ordered the Commonwealth to produce the complete archived police file.

The Commonwealth filed this petition for a writ of mandamus on April 15, 2010.

## II. Analysis

### A.

A habeas petitioner, unlike an ordinary civil litigant in federal court, is not automatically entitled to discovery under the Federal Rules of Civil Procedure. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). Under Rule 6 of the Rules Governing § 2254 Cases, a party seeking discovery must make specific requests and must provide reasons for the requests. <u>See</u> Rule 6(b). Upon such a motion, the District Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). The United States Supreme Court has held that a District Court has a duty to permit Rule 6 discovery in a habeas corpus matter "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ."[2] <u>Bracy</u>, 520 U.S. at 908-09.

_____

[2] The Commonwealth argues that the provision limiting the availability of an evidentiary hearing in habeas corpus cases where a state prisoner fails to first develop the factual basis of a claim in state court, <u>see</u> 28 U.S.C. § 2254(e)(2), similarly circumscribes

The thrust of the Commonwealth's petition focuses on the contention that Uderra's underlying Batson claim lacks merit, thereby precluding a finding of good cause to support discovery on that claim. Before we may consider the Commonwealth's claim, however, we must address a determinative threshold issue: whether, under the circumstances of this case, our mandamus jurisdiction permits us to immediately review the District Court's discovery order.

B.

We have authority to issue a writ of mandamus under the All Writs Act. 28 U.S.C. § 1651(a); see In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). Mandamus is a drastic remedy granted only in the most extraordinary situations. Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). Before we may exercise our discretion to issue the writ, the petitioner must establish both a "clear and indisputable" right to relief and that there is "no other adequate means" to obtain relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005). The writ does not provide a substitute for an appeal. See Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 381 (2004).

As a general rule, the normal appeal process provides the opportunity to obtain relief from a District Court's pretrial discovery order. Accordingly, civil litigants must wait until after final judgment to vindicate their rights relative to such orders. See 28

---

the availability of document discovery. We have not previously addressed this issue and, given our disposition of this petition, need not do so in this case.

U.S.C. § 1291; Mohawk Indus., Inc. v. Carpenter, 130 S. Ct. 599, 606 (2009). Indeed, if we were to routinely issue the writ of mandamus to review discovery orders, we would be encouraging the sort of piecemeal litigation we have been specifically instructed to discourage. See Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 403 (1976).

Under appropriate circumstances, however, we may exercise our discretion to issue a writ of mandamus to promptly correct the most serious and fundamental District Court errors concerning pretrial discovery matters. See Mohawk, 130 S. Ct. at 608. For instance, the United States Supreme Court has acknowledged that mandamus may be appropriate where a pretrial discovery order reflects a judicial usurpation of power or a clear abuse of discretion, or where necessary to remedy a manifest injustice. Id. at 607.

Here, the Commonwealth's basic contention is that the District Court committed legal error in determining whether good cause supports the discovery requests in the underlying habeas corpus matter. See Bracy, 520 U.S. at 908-09. A claim of legal error in a discovery decision generally does not fall within our mandamus authority. The Commonwealth has not, for example, set forth a claim that the District Court acted entirely without jurisdiction. See In re Sch. Asbestos Litig., 921 F.3d 1310, 1314 (3d Cir. 2000) ("Courts traditionally have employed writs to restrain jurisdictional excesses, particularly when a lower court has acted without authority to do so."); see also In re Pruett, 133 F.3d 275, 280 (4th Cir. 1997) ("Because the issue involves the court's

6

authority to act ex parte at all and not whether discretion was or was not properly exercised, we believe mandamus is the only 'adequate' means of testing the issue.").

Nevertheless, the Commonwealth proposes that mandamus should lie to immediately consider its claim, arguing that we have expressed a preference for granting the writ to permit immediate review of discovery orders in habeas corpus matters. (Petition at 5, n.4.)  However, the Commonwealth provides no support for its proposal that the habeas corpus discovery context alone establishes a basis for granting mandamus relief.[3]  To the contrary, we do not apply such "black letter" rules to mandamus determinations.  See In re Sch. Asbestos Litig., 977 F.2d at 772-73.

Next, the Commonwealth asserts we should grant mandamus because this habeas corpus discovery order implicates decisions made by state courts.  The United States Supreme Court has "long recognized the principles of federalism and comity at stake when state prisoners attempt to use the federal court to attack their final convictions." Dist. Att'y's Office of 3d Judicial Dist. v. Osborne, 129 S. Ct. 2308, 2324 (2009) (Alito, J., concurring) (citations omitted).  However, we cannot conclude that the mere existence of these interests requires our immediate intervention in the District Court proceeding. We may review the habeas corpus discovery order, and address any comity, federalism, or

---

[3] To the extent the Commonwealth attempts to rely upon decisions by the Court of Appeals for the Ninth Circuit, that Court applies a balancing test in which clear legal error may provide the sole basis for issuing the writ of mandamus.  See Calderon v. U.S. Dist. Ct. for N. Dist. Cal., 98 F.3d 1102, 1105 (9th Cir. 1996).  We have not adopted the Ninth Circuit's approach.

7

other important interests it may implicate, during the course of an ordinary appeal when the District Court has entered a final judgment. The Commonwealth has not established otherwise.

Finally, the Commonwealth contends the District Court's order infringes upon its general interest in protecting police files from public disclosure. Mandamus may be appropriate in cases in which a party has been ordered to produce documents entitled to protection based upon a recognized privilege or confidentiality interest. See Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 861 (3d Cir. 1994); Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir. 1984). Here, however, the Commonwealth's broad invocation of a general confidentiality interest is insufficient. To warrant mandamus, the Commonwealth must demonstrate that compliance with the District Court's order will destroy the specific interest that requires protection in this case.[4] See In re Chambers Dev. Co., 148 F.3d at 227 n.9; Bogosian, 738 F.2d at 591. The Commonwealth has not met that burden.

---

[4] The Commonwealth argues that "routine defense access to full police files is eventually going to get someone threatened, hurt or even killed." (Petition at 4.) While protecting individual safety is indeed important, the Commonwealth has offered nothing more than a broad generalization and has not identified a concern specific to the underlying proceeding. Moreover, the District Court is equipped to fashion a variety of remedies to address particular safety and confidentiality concerns. We note that the Commonwealth has never requested any of them.

C.

In sum, the Commonwealth contends the District Court improperly granted Uderra's habeas corpus discovery requests. Because the Commonwealth's claims may be addressed in the course of an ordinary appeal, the Commonwealth has not established that there is "no other adequate means" by which it may obtain relief from the District Court's habeas corpus discovery order. See Kerr, 426 U.S. at 404-05. The Commonwealth therefore has failed to make the necessary showing to warrant mandamus relief.

III. Conclusion

For the foregoing reasons, we will deny the petition for a writ of mandamus.