**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-6296 |
| Plaintiff - Appellee, | D.C. Nos.<br>2:18-cr-01169-SMB-1<br>2:20-cv-00647-SMB--MTM |
| v. | |
| ARMANDO PABLO OCHOA, AKA<br>Armando Ochoa, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted May 26, 2026**

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Armando Pablo Ochoa appeals pro se from the district court's order granting

in part and denying in part his petition for a writ of error coram nobis. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ochoa contends the district court erred in denying coram nobis relief without holding an evidentiary hearing. We agree with the district court, however, that Ochoa failed to show valid reasons for not challenging the restitution order earlier. *See United States v. Riedl*, 496 F.3d 1003, 1005-06 (9th Cir. 2007) (stating requirements for coram nobis relief); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) ("Because [the coram nobis] requirements are conjunctive, failure to meet any one of them is fatal."). Moreover, the district court did not abuse its discretion in failing to hold an evidentiary hearing. *See United States v. Gordon*, 151 F.4th 1090, 1097 (9th Cir. 2025) (denial of evidentiary hearing in 28 U.S.C. § 2255 proceedings reviewed for abuse of discretion); *United States v. Taylor*, 648 F.2d 565, 573 n.25 (9th Cir. 1981) ("Whether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions."). Ochoa asserted that the victim casino had been fully compensated by a supplemental insurance policy, but he did not offer any particulars about the supposed policy or how he came to know of it. Ochoa's "[m]ere conclusory allegations [did] not warrant an evidentiary hearing." *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989); *see also Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.").

**AFFIRMED.**